Manly, J.
 

 Three exceptions were taken on the trial below, to the ruling of the Court, no one of which, we think, is sustainable. Declarations of a slave that he is suffering from pain and disease are admissible according to a well establish-
 
 *625
 
 fed rule in this State. They have -been assimilated to the"natural cries of distress which proceed'from animals when in pain. Both are considered as evidential facts of greater or less weight according to circumstances. Such matters of evidence would be greatly strengthened by corresponding external appearances, but are not dependent upon them. It is the privilege of the jury to have them and weigh them. The last case that has been before the Court in which this doctrine is propounded, is
 
 Wallace
 
 v. McIntosh, 4 Jones 434, where the previous cases are fully referred to and commented upon. — ■ The point in regard to the interest of the witness, is clean The interest which renders a witness incompetent, is one in the result of the suit. The case states the witness had an interest at the time of bringing the suit, but none at the time^of the trial. And this is conclusive of the question of competency. It is not stated that witness was interested in “the original purchase, and we take it for granted he was not. The subsequent purchase of an interest in the slave gave him an interest in the covenant of warranty. ■ Such a covenant is entirely personal, and does not attach to, and follow the slave in the hands of a subsequent owner,' giving him a right of action upon it. The instructions of the Court as to the relative weight of positive and negative testimony, is far from error. The rule as laid down, has been long established and followed ; that there is a difference, and that the positive is entitled to more weight than the negative, is not only an accepted legal maxim, but is founded, as we think, in truth and justice. The amount of difference, the Court did not undertake to decide, and could not, as it was a question for the jury. In all cases, the force of testimony, whether positive or negative, must depend upon a variety of collateral facts and circumstances. Eor instance, the force of negative testimony must, manifestly, depend upon the opportunities of observation afforded to the witness. These opportunities might be so favorable and frequent, as to approach in weight to a positive statement ; yet, we take it, when the positive is in conflict with negative, under any ordinary circumstances, the witnesses be
 
 *626
 
 ing equally credible, the- former should preponderate. Negative, assuredly, may be accumulated from different quarters, and under circumstances countervail entirely positive' testimony, but this is not the question. The question made, is, whether it be correct to declare, as a naked preposition of law, stripped of matter that may affect the
 
 weight
 
 of either,, that positive testimony is entitled to
 
 move
 
 weight than negative. There is no error, and the judgment is, therefore, affirmed.
 

 Per Curiam,.
 

 Judgment affirmed.